IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANGELA ROANE,
    Plaintiff,

v.                                                                  Civil No. 3:24cv802 (DJN)

THE FARLEY CENTER, INC.,
    Defendant.

**ORDER**
**(Directing Plaintiff to Respond)**

This matter comes before the Court on Plaintiff's Motion for Default Judgment, (ECF No. 8 ("Motion")), requesting that the Court enter default judgment against Defendant due to its failure to file responsive pleadings or otherwise defend against the Complaint. Upon review of Plaintiff's Motion and accompanying affidavits, as well as the Complaint, the Court has identified aspects of Plaintiff's damages calculations that require additional clarification.

To allow the Court to fully assess the scope of Plaintiff's damages and respond to the Motion, the Court hereby DIRECTS Plaintiff to file, within seven (7) days of the entry of this Order, supplemental briefing and/or affidavits to explain the following:

    (1) why Plaintiff stands entitled to damages for front pay and back pay for full-time employment (40 hours per week), when she specifically alleges that her doctor required her to work part-time (20 hours per week) due to her medical condition at the time of her alleged termination (ECF No. 8-1 ¶¶ 2–3);

    (2) the calculations of Plaintiff's requests for compensatory damages and consequential damages, articulating with specificity the rationale for and the amounts of damages sustained within each category (i.e., job search expenses, financial costs) (*Id.* ¶¶ 4, 7);

    (3) why the Court should award additional damages "[t]o account for the adverse tax consequences of receiving owed damages in a lump sum," citing any relevant case law and adjusting the requested amount under this category in proportion to any other damages adjustments made pursuant to this Order (*Id.* ¶ 6); and

(4) the justification for awarding the requested punitive damages, citing any relevant case law (*Id.* ¶ 5).

The Court reminds Plaintiff that, in all circumstances, "a default judgment may not exceed [the] amount that is prayed for in the demand for judgment." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Thus, Plaintiff stands limited to obtaining only the relief requested in the Complaint. To the extent that the Motion or Plaintiff's supplemental materials seek additional relief beyond that contemplated in the Complaint, the Court will deny such a request.

Let the Clerk file a copy of this Order and electronically and notify all counsel of record.

It is so ORDERED.

                                                      /s/
                                        David J. Novak
                                        United States District Judge

Richmond, Virginia
Date: March 26, 2025